```
               IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF PUERTO RICO
```

| | |
|---|---|
| UNITED STATES OF AMERICA (Rural Development),<br><br>            Plaintiff<br><br>                 v.<br><br>GLORIA MARGARITA MUÑIZ-NATAL<br>a/k/a GLORIA M. MUÑIZ-NATAL<br>a/k/a GLORIA MUÑIZ-NATAL,<br><br>            Defendant | CIVIL NO. 05-1038 (JP) |

**OPINION AND ORDER**

Before the Court is Defendant Gloria Muñiz-Natal's ("Muñiz") motion to declare judicial sale void (**No. 13**), Plaintiff United States of America, Rural Development's ("USA") opposition thereto (No. 18), and Defendant Muñiz's reply (No. 19).  For the reasons stated herein, Defendant Muñiz's motion to declare judicial sale void is hereby **DENIED**.

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff USA filed the complaint (No. 1) in the instant action for recovery of money owed by Defendant Muñiz to Plaintiff pursuant to a mortgage.  Shortly after the filing of the complaint, the parties submitted a stipulation stating that they agreed to entry of a consent judgment which established a payment plan to be followed

CIVIL NO. 05-1038 (JP)            -2-

by Defendant (No. 2).  The Court entered the stipulated Consent Judgment (No. 3), which stated, *inter alia*, that:

> should the defendant fail to remit one payment as stated in the payment plan, or in any other way fail to comply with the stipulation, plaintiff at its sole discretion may proceed to execute the Consent Judgment for the remaining total amount due plus interests, costs and attorney's fees.

Four years later, on March 18, 2009, Plaintiff filed an unopposed motion for execution of judgment (No. 4), informing the Court that Defendant Muñiz had failed to make the payments required under the Consent Judgment. The Court granted Plaintiff's motion for execution of judgment and ordered that the United States Marshal sell the property subject to the mortgage at public auction (No. 5).

The Court further ordered that "Notice of Sale shall be published once a week for at least four (4) weeks prior to the sale in at least one newspaper of general circulation in accordance with 28 U.S.C. 2002." In accordance with said Order, the notice of sale was published in El Nuevo Día on October 7, 14, 21, and 28, 2009. At the first auction on November 4, 2009, no bids were received. At the second auction on November 18, 2009, the property was sold to the highest bidder, Elvia C. Pérez, for $73,470.00. Plaintiff moved for confirmation of sale on December 16, 2009 (No. 11), which the Court granted (No. 12). On January 5, 2010, Defendant filed the instant motion to declare the judicial sale void.  Plaintiff filed an

CIVIL NO. 05-1038 (JP)          -3-

opposition to Defendant's motion on January 20, 2010 (No. 18), and Defendant filed her reply on February 1, 2010 (No. 19).

## II. ANALYSIS

Defendant Muñiz argues in her motion that the sale should be declared void because she was not provided adequate notice of the sale as required by Puerto Rico law. Plaintiff USA responds that the sale is valid because it complied with the notice requirements established under 28 U.S.C. § 2002. The Court will now proceed to consider the parties' arguments.

Federal Rule of Civil Procedure 69 sets the applicable procedure for enforcement of a money judgment. Rule 69 states:

> **Money Judgment; Applicable Procedure**. A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution--and in proceedings supplementary to and in aid of judgment or execution--must accord with the procedure of the state where the court is located, ***but a federal statute governs to the extent it applies***.

Fed. R. Civ. P. 69(a)(1) (emphasis added). Thus, the procedure for enforcement of a money judgment consists of a general rule and an exception to the general rule. First, in situations where there is no specifically applicable federal statute governing execution, the procedure for enforcing a judgment must accord with the procedure of the state where the court is located. See, e.g., Whitfield v. Municipality of Fajardo, 564 F.3d 40, 43 (1st Cir. 2009). Second,

CIVIL NO. 05-1038 (JP)          -4-

in situations where a federal statute specifically applies, the federal statute governs.

In the case of an execution of judgment by way of a sale of realty, there is a specifically applicable federal statute, 28 U.S.C. § 2002.  Said statute provides:

> **Notice of sale of realty**
>
> A public sale of realty or interest therein under any order, judgment or decree of any court of the United States shall not be made without notice published once a week for at least four weeks prior to the sale in at least one newspaper regularly issued and of general circulation in the county, state, or judicial district of the United States wherein the realty is situated.

28 U.S.C. § 2002 ("Section 2002").  In accordance with Section 2002, this Court requires that notice of judicial sales of realty be published once a week for at least four weeks prior to the sale in a newspaper of general circulation in Puerto Rico.  See, e.g. Muñoz Bermúdez v. Industrial Siderúrgica, Inc., 672 F. Supp. 57, 59-60 (D.P.R. 1987).

In the instant case, Plaintiff sought to execute the Consent Judgment by a judicial sale of the property subject to the mortgage. Plaintiff was therefore obliged to comply with the requirements of Section 2002.  Pursuant to said statute, the Court stated in its Order for Execution that "[n]otice of Sale shall be published once a week for at least four (4) weeks prior to the sale in at least one newspaper of general circulation in accordance with 28 U.S.C. 2002." Plaintiff complied with this requirement by publishing notice in

CIVIL NO. 05-1038 (JP)          -5-

El Nuevo Día on October 7, 14, 21, and 28, 2009.  Thus, Plaintiff provided adequate notice of the sale.

### III. CONCLUSION

In conclusion, Plaintiff provided appropriate notice of the judicial sale in accordance with Federal Rule of Civil Procedure 69 and the directly applicable federal statute, Section 2002. Therefore, Defendant Muñiz may not contest the validity of the sale on the basis of inadequate notice.  Accordingly, the Court **DENIES** Defendant's motion to vacate the judicial sale.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 18th day of February, 2010.

                                       s/Jaime Pieras, Jr.
                                         JAIME PIERAS, JR.
                               U.S. SENIOR DISTRICT JUDGE